**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**ELIAS WAMBUI**,

Plaintiff,

v.

**PAUL R. SANDERS**, **PATRICIA TODD**, and **AARON REIMAN**, in their personal and official capacities,

Defendants.

Case No. 3:26-cv-567-SI

**ORDER**

**Michael H. Simon, District Judge.**

Plaintiff Elias Wambui, representing himself, has sued Washington State Judge Paul R. Sanders, Washington States Deputy Prosecuting Attorney Patricia Todd, and attorney Aaron Reiman, asserting several federal civil rights claims. Plaintiff alleges that he was stopped for speeding by local law enforcement officers in Kittitas County, Washington, and that his car was subsequently seized. Defendants, who all reside in the state of Washington, have moved to dismiss the lawsuit on the grounds that the Court lacks personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff did not respond to the motion to dismiss.

Because all events relevant to this controversy took place in Washington and Defendants are not "at home" in Oregon, the Court grants Defendants' motion to dismiss.

In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of proving that the court's exercise of jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When resolving such a motion on written materials alone, a court need "only inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction." *Id.* (cleaned up). Although a plaintiff may not rest solely "on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Id.* (quotation mark and citation omitted).

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).[1] "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Otherwise, a court has general jurisdiction over a defendant whose contacts with the forum are "continuous and systematic," even if those contacts are wholly unrelated to the plaintiff's claims. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). If the court lacks general personal jurisdiction, it may have

---

[1] A federal statute does not govern personal jurisdiction here, so the Court applies Oregon law to determine whether the exercise of personal jurisdiction is appropriate. *Boschetto*, 539 F.3d at 1015. Oregon's long-arm statute is co-extensive with constitutional standards. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). Thus, the Court need only determine whether its exercise of personal jurisdiction over Defendants would offend constitutional due process requirements. *See Boschetto*, 539 F.3d at 1015; *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 384 (1982). This inquiry requires the Court to consider the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

specific personal jurisdiction if the defendant has certain minimum contacts with the forum state, the controversy arose out of those contacts, and the exercise of jurisdiction is reasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985); *Boschetto*, 539 F.3d at 1016.

The Court lacks personal jurisdiction over Defendants. There is no general jurisdiction because Defendants are citizens of Washington and Plaintiff fails plausibly to allege that Defendants had any contact with the state of Oregon. *Helicopteros*, 466 U.S. at 415-16. Plaintiff's failure to allege any contacts between Defendants and Oregon also forecloses the exercise of specific jurisdiction, because Plaintiff has failed plausibly to allege that Defendants had "minimum contacts" with the state. *Burger King*, 471 U.S. at 472-77. Although Plaintiff lived in Portland at the time of the incident, "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 287 (2014)). This means that "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284 (emphasis in original) (quoting *Burger King*, 471 U.S. at 475). On the face of the Complaint, drawing all inferences in Plaintiff's favor, Defendants have no relevant contacts with Oregon.

The Court GRANTS Defendants' motion to dismiss, ECF 14.

**IT IS SO ORDERED.**

DATED this 21st day of August, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge